T.C. Summary Opinion 2019-23

UNITED STATES TAX COURT

SANTIAGO GUTIERREZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14996-17S.                    Filed August 22, 2019.

Santiago Gutierrez, pro se.

<u>Miles B. Fuller</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended and in effect for 2015.  Rule references are to the Tax
Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated April 10, 2017 (notice), respondent determined a $5,102 deficiency in petitioner's 2015 Federal income tax and imposed a $1,020.40 section 6662(a) accuracy-related penalty.

The issues for decision are whether petitioner: (1) is entitled to dependency exemption deductions for Maria Terrones, J.V., and L.V.;[2] (2) qualifies as a head of household; (3) is entitled to an earned income credit; (4) is entitled to a child tax credit; and (5) is liable for the accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Colorado.

Throughout 2015 petitioner lived with his partner, Leonor Madrigal, their daughter, Maria Terrones, and Ms. Madrigal's two grandchildren, J.V. and L.V., who are siblings. As of the close of 2015 neither J.V. nor L.V. had attained age 17, and Maria Terrones was 19 years old.

---

[2]It is the policy of this Court not to identify minor children. We refer to them by their initials. See Rule 27(a)(3).

On September 1, 2010, petitioner and Ms. Madrigal filed a petition for allocation of parental responsibilities (petition for allocation) for J.V. and L.V. in the District Court of Adams County, Colorado. According to the petition for allocation, the children's mother abandoned them without notice in May 2009 and passed away sometime later that year; their father left them in 2007; and when the petition for allocation was filed, his whereabouts were unknown. By order dated November 18, 2010, the petition for allocation was granted, and petitioner and Ms. Madrigal were awarded custody of J.V. and L.V.

During 2015 petitioner was the only employed member of the household. His wages for that year totaled $12,893. He paid all of the household expenses.

Petitioner's 2015 Federal income tax return (return) was prepared by a paid income tax return preparer. The income reported on the return consists solely of the wages petitioner earned. Petitioner claimed dependency exemption deductions for Maria Terrones, J.V., and L.V., the child tax credit with respect to J.V. and L.V., and the earned income tax credit with respect to Maria Terrones, J.V., and L.V. Petitioner computed his 2015 taxable income and Federal income tax liability as a head of household and claimed the standard deduction applicable to that filing status.

In the notice respondent: (1) disallowed all of the dependency exemption deductions claimed on the return, (2) changed petitioner's filing status from head of household to married filing separately and adjusted the standard deduction accordingly, (3) disallowed the child tax credit, (4) disallowed the earned income credit, and (5) imposed a section 6662(a) accuracy-related penalty on several grounds, including "negligence or disregard of rules or regulations" and a "substantial understatement of income tax".

## Discussion

As we have observed in countless opinions, deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction or credit.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

_____

[3]Petitioner does not claim and the record does not otherwise demonstrate that the provisions of sec. 7491(a) are applicable here, and we proceed as though they are not.

## I. Dependency Exemption Deduction

For 2015 a taxpayer was allowed a deduction for "each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). Section 152(a) defines a dependent as a qualifying child or a qualifying relative of the taxpayer. According to respondent, none of the individuals shown as dependents on petitioner's return fit within the definition of petitioner's qualifying child or qualifying relative.

In general, an individual may be treated as the qualifying child of a taxpayer if the individual: (1) is a child of the taxpayer or a descendant of such a child; or a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of such a relative; (2) has the same principal place of abode as the taxpayer for more than one-half of such taxable year; (3) meets certain age requirements; and (4) has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(c)(1)-(3).

### A. J.V. and L.V.

We first consider whether either J.V. or L.V. was petitioner's qualifying child for 2015. Respondent disputes only whether J.V. and L.V. satisfy the relationship requirement for a "qualifying child" under section 152(c)(2). To satisfy the relationship requirement for a "qualifying child" an individual must be:

(1) a child of the taxpayer or a descendant of such a child, or (2) a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative. Sec. 152(c)(2). As used in this section and as relevant here, the term "child" also includes an eligible foster child of the taxpayer. Sec. 152(f)(1)(A). For this purpose, an "eligible foster child" is defined as "an individual who is placed with the taxpayer by an authorized placement agency or by judgment, decree, or other order of any court of competent jurisdiction." Sec. 152(f)(1)(C).

J.V. and L.V. were placed in the custody of petitioner and Ms. Madrigal by order of the District Court of Adams County, Colorado, on November 18, 2010. J.V. and L.V. were therefore petitioner's "eligible foster child[ren]" under section 152(f)(1)(C).

However, for 2015 both J.V. and L.V. also fit within the definition of a qualifying child within the meaning of section 152(c)(1) with respect to Ms. Madrigal. That being so, a tiebreaker rule establishes which of them may treat J.V. and L.V. as qualifying children for 2015. Under that rule, J.V. and L.V. are treated as the qualifying children of the taxpayer with the higher adjusted gross income for the tax year in question. See sec. 152(c)(4)(A)(ii).

Petitioner's adjusted gross income for 2015 as shown on his return was $12,893. Petitioner was the only employed member of his household during that

year, and nothing in the record suggests Ms. Madrigal otherwise had any income. We therefore find that petitioner had the higher adjusted gross income, and J.V. and L.V. are treated as his qualifying children for 2015. Therefore, petitioner could claim J.V. and L.V. as qualifying children for purposes of the dependency exemption deduction. See sec. 152(c)(4)(A). Accordingly, petitioner is entitled to the dependency exemption deductions claimed with respect to J.V. and L.V. See sec. 151(c).

### B. Maria Terrones

The parties dispute only whether Maria Terrones satisfies the age requirement to allow her to be treated as petitioner's qualifying child. To meet the age requirement, an individual must be younger than age 19 or be a student younger than age 24 as of the close of the taxable year. Sec. 152(c)(3)(A). For purposes of section 152, "student" is defined as an individual who during each of five months during the year is a full-time student at an educational institution that normally maintains a regular faculty, curriculum, and enrolled body of students in attendance at the place where educational activities are conducted. Secs. 152(f)(2), 170(b)(1)(A)(ii).

Maria Terrones turned 19 years old in 2015. According to petitioner, she was a student in 2015, and he so testified during trial. Nevertheless, other

evidence in the record, namely her student transcript, shows that she was not. We are more persuaded by her school records than we are by petitioner's testimony on the point. Consequently, we find that petitioner has not established that Maria Terrones was a student in 2015, and therefore she did not meet the age requirement under section 152(c)(1)(C). It follows that Maria Terrones is not petitioner's qualifying child for purposes of the dependency exemption deduction. See secs. 152(a).

We need not consider whether Maria Terrones fits within the definition of petitioner's qualifying relative for purposes of the dependency exemption deduction here in dispute. Under the circumstances, petitioner's entitlement to a dependency exemption deduction for her would have no consequence to the deficiency in dispute in this proceeding. Consequently, we make no finding whether Maria Terrones was petitioner's qualifying relative during 2015, or whether petitioner is entitled to a dependency exemption deduction for her for that year.

## II. Head of Household Filing Status

Section 2(b) provides that "head of household" includes an unmarried individual if the individual maintains a home which is the principal place of abode, for at least one-half of the year, for either a qualifying child as defined

under section 152(c) or any other person who is the individual's dependent under section 151. Petitioner has established that J.V. and L.V. were his qualifying children for 2015.

An individual will be considered to maintain a household only if the individual pays more than one-half of the expenses associated with the household. Sec. 1.2-2(d), Income Tax Regs. The expenses of maintaining a household include property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises. Id. Such expenses do not include the cost of clothing, education, medical treatment, vacations, life insurance, and transportation. Id.

Petitioner, who was unmarried as of the close of 2015, established that he paid all of the household expenses for the principal abode for himself, J.V., and L.V. during 2015. Consequently, petitioner qualifies as a head of household for 2015.

III. Earned Income Credit

Petitioner claimed an earned income credit computed by treating Maria Terrones, J.V., and L.V. as qualifying children for purposes of that credit, and respondent disallowed the credit because, according to respondent, petitioner does not have a qualifying child within the meaning of section 32(c)(1)(A)(i) and (3).

Subject to various conditions and limitations, section 32(a) provides that an eligible individual is entitled to an earned income credit. Section 32(c)(1)(A)(i) defines an "eligible individual" in relevant part as an individual who has a qualifying child for the taxable year. The term "qualifying child" is defined in section 32(c)(3)(A) to mean "a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section 152(e))."

As discussed above, J.V. and L.V. are petitioner's qualifying children under section 152(c); Maria Terrones is not. Petitioner is therefore an eligible individual with two qualifying children within the meaning of section 32(c)(1)(A)(i). Petitioner is entitled to an earned income credit computed accordingly.

## IV. Child Tax Credit

Petitioner claimed a child tax credit computed by treating J.V. and L.V. as qualifying children for purposes of that credit; respondent disallowed the credit because, according to respondent, petitioner does not have a qualifying child within the meaning of section 24(c)(1).

Section 24(a) provides a tax credit with respect to each qualifying child of the taxpayer for whom the taxpayer is allowed a deduction under section 151. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the

taxpayer (as defined in section 152(c)) who has not attained age 17." As previously discussed, J.V. and L.V. are petitioner's qualifying children as defined in section 152(c) for 2015, and therefore petitioner is entitled to the child tax credit in dispute.

V. Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty.

Various grounds for the imposition of that penalty are set forth in the notice. Nevertheless, if an individual taxpayer shows that he or she acted in good faith and there is reasonable cause for the underpayment, then the section 6662(a) accuracy-related penalty is not applicable. See sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. 438, 448-449 (2001).

Petitioner, who is unsophisticated in Federal tax matters, made a reasonable attempt to comply with his Federal tax obligations. He relied upon a competent paid income tax return preparer to: (1) prepare his 2015 Federal income tax return and (2) compute the Federal income tax liability shown on the return. We are satisfied that petitioner had reasonable cause and acted in good faith with respect to whatever underpayment of tax might remain after taking the foregoing into

account.  <u>See</u> sec. 6664(c).  Accordingly, he is not liable for a section 6662(a) accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.